UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Iziah Sinclair Johnson, Jr.**, #277188,  ) | C/A No. 8:06-3581-HFF-BHH |
| *aka Iziah S. Johnson, Jr.* ) | |
|                         Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Lt. Ford, SCDC Officer, Lt. of SMU, Evans Correctional ) | |
| Institution, ) | |
| ) | |
|                         Defendant(s). ) | |

_____

This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at Evans Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff alleges that Defendant was deliberately indifference to Plaintiff's safety when he knowingly placed Plaintiff in a cell with an inmate who had threatened Plaintiff. The inmate did, in fact, attack Plaintiff, and Plaintiff claims to have suffered physical and mental injuries.

Although Plaintiff claims that he has pursued the SCDC administrative remedy process to its "final" conclusion on "12-5-06," the exhibits to the Complaint disclose otherwise. Although it appears that Plaintiff filed three Step 1 grievances regarding the inmate attack, there is no indication that he filed and pursued a Step 2 grievance. The grievance with a Warden's response dated "12-5-06" was a Step 1 grievance. At the conclusion of the Warden's response was a direction to Plaintiff to file a Step 2 grievance should he be unsatisfied with the Warden's conclusions. However, it appears that Plaintiff proceeded to prepare the Complaint in this case rather than pursue a Step 2 grievance since the Complaint is signed and dated only two days later: "7th Dec., 2006." Although the envelope in which the Complaint was mailed was not postmarked until December 19, 2006, there is no copy of any Step 2 grievance filed at any time before

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Dockets.Justia.com

the mailing of the Complaint by Plaintiff. As a result, it is clear from the face of his pleadings that Plaintiff did not pursue "such administrative remedies as are available" prior to filing this Complaint.

**Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Discussion**

Plaintiff's claims should be dismissed because he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e prior to filing this case. In enacting the Prison Litigation Reform Act of

2

1996[2] (the PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions[3] under section 1983 of this title, or any other Federal law, by a prisoner[4] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with any claim against any defendant in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process as to that specific claim and as to that specific defendant. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-90 (10th Cir. 2004).[5] The United States Supreme Court has held

---

[2] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

[3] The PLRA does not define the term "prison conditions" for use in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim). The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)). Both of these definitions encompass Plaintiff's claims herein.

[4] Subsection (h) defines "prisoner" to mean, in pertinent part, "any person incarcerated or detained in any facility who is ***accused of***, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" Id. § 1997e(h) (emphasis added). Thus, exhaustion of administrative remedies is also required of pretrial detainees.

[5] In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). See the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996). Requiring Plaintiff to proceed in the SCDC administrative process

3

that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Woodford v. Ngo, 126 S.Ct. 23878 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court); Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718  (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff).  Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, as is the case here, *sua sponte* dismissal prior to service of the complaint is appropriate.  *See* Anderson v. XYZ Correctional Health Servs., Inc, 407 F. 3d 674, 683 (4th Cir.  2005).

In order to completely exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5, Step I about the matters raised in his Complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains.  The Warden will respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance.  If the inmate is not satisfied with the Warden's response, he or she must  file an appeal of the Step I grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden.  A responsible official will have *sixty (60) days* to respond to the Step 2 grievance.  Under the specific terms of the applicable SCDC grievance policy, the decision of the "responsible official" who answers Step 2 is the Department's *final* response in the matter.  SCDC Policy/Procedure # GA-01.12, at § 13.5 (Jan. 1,

---

before pursuing any federal remedies he may have provides him with an opportunity to prevail within the SCDC system that will be lost if the federal court proceeds without requiring that state remedies be exhausted.

2006)(Inmate Grievance System). Since it does not appear that Plaintiff began, much less completed, a Step 2 grievance process before filing this case, this case is subject to summary dismissal for lack of exhaustion of administrative remedies. Charles v. Ozmint, 2006 WL 1341267, * 2-3n. 3 (May 15, 2006).

In the United States Supreme Court's most recent pronouncement on the subject of exhaustion of administrative remedies, Supreme Court Justice Samuel Alito stated the following with regard to the requirement that prisoners comply with all time limitations regarding the filing of the various steps in prison administrative remedy procedures:

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.
> . . . .
> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievances. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.
> . . . .
> For example [if there were no consequences for a late-filed grievance], a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. . . . We are confident that the PLRA did not create such a toothless scheme.

Woodford v. Ngo, 126 S.Ct. at 2386-2388.

In order to fully exhaust administrative remedies, it is the responsibility of the prisoner to fully comply with the terms of the applicable policy regarding time limits and procedural matters. See Johnson v. Johnson, 385 F. 3d 503 (5th Cir. 2004); Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). It is not the federal court's place to order the prison to change or ignore its established rules and/or time limitations in order to save a prisoner's claims from his or her own failure to fully comply with the established procedures before filing federal lawsuits.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams;

5

Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

            Respectfully submitted,

            s/Bruce Howe Hendricks
            United States Magistrate Judge

January 4, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).