

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| IZIAH SINCLAIR JOHNSON, JR., § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. 8:06-3581-HFF-BHH |
| LT. FORD, SCDC Officer, Lt. of SMU, Evans § | |
| Correctional Institution, § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. Pending before the Court are the Report and Recommendation (Report) of the United States Magistrate Judge and Plaintiff's motion for extension of time to file a response to the Report. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 4, 2007. In the Report, the Magistrate Judge recommends that this Court dismiss the case *without prejudice* and without issuance and service of process for failure to exhaust administrative remedies. On January 16, 2007, the Clerk entered Plaintiff's motion for extension of time to file a response to the Report. In his motion for extension of time, Plaintiff concedes that he failed to exhaust the administrative remedies available through the South Carolina Department of Corrections grievance process. Therefore, Plaintiff requests that the Court grant him an extension until August 1, 2007, to allow Plaintiff time to exhaust such administrative remedies. Because a plaintiff must first exhaust administrative remedies before bringing an action under 42 U.S.C. § 1983 and Plaintiff concedes that he failed to exhaust administrative remedies, the Court agrees with the Magistrate Judge's conclusion that the case should be dismissed.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's motion for extension of time be **DENIED** and that this case be **DISMISSED** *without prejudice*[*] and without issuance and service of process.

---

[*] When the Court dismisses a case without prejudice, a "plaintiff may refile the same suit on the same claim." Black's Law Dictionary 482 (7th ed. 1999).

2

**IT IS SO ORDERED**.

Signed this 25th day of January, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.